**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

December 23, 2015

**LETTER ORDER**

Re:   *Cosco Container Lines Co., et al. v. Global Enterprise Worldwide LLC*
       **Civil Action No. 15-4406 (ES)**

Dear Counsel:

    Pending before the Court is Plaintiffs Cosco Container Lines Company Limited and Cosco Lines Americas Inc.'s (collectively, "Plaintiffs" or "Cosco") motion for default judgment against Defendant Global Enterprise Worldwide LLC ("Defendant" or "Global"). (D.E. No. 5).

    The Clerk of Court, however, has not entered default against Global. In fact, before filing their default judgment motion, Plaintiffs did not apply to the Clerk of Court for an entry of default pursuant to Federal Rule of Civil Procedure 55(a). *See also Husain v. Casino Control Comm'n*, 265 Fed. Appx. 130, 133 (3d Cir. 2008) (finding that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)" and that "[a] review of the District Court docket confirms that no default was ever entered against the [] Defendants, and the District Court accordingly was correct to deny [the] motion for default judgment").

    Therefore, the Court DENIES Plaintiffs' motion for default judgment, (D.E. No. 5). Plaintiffs may refile their motion for default judgment after entry of default against Defendant. The Court sets forth the various factors that Plaintiffs must address in support of any default judgment motion they may choose to file.

    "Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).

    Further, "[b]efore granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal

1

citations omitted).  And, to determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Accordingly, if moving for default judgment, the Court hereby orders Plaintiffs to submit a letter-brief (no more than 7 pages) with any materials in support of the default judgment motion—which specifically addresses each of the above factors in an organized, easy-to-read format using headings (and, if necessary, sub-headings) and numbered paragraphs or bullet points.

A hearing before the Undersigned is set for March 24, 2016 at 2:00 p.m.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**